In the Matter of PAUL MEYER, Appellant, against SIGISMUND S. GOLDWATER, as Commissioner of Hospitals of the City of New York, Respondent.

Argued May 20, 1941; decided July 29, 1941.

*David Morgulas* and *Milton U. Copland* for appellant. There is no evidence to sustain the finding of guilt on the third specification. (*People ex rel. Leonard* v. *Cropsey*, 149 App. Div. 730; *People ex rel. Moynihan* v. *Greene*, 179 N. Y. 253; *Group* v. *Szenher*, 260 App. Div. 308; 284 N. Y. 741.)

*William C. Chanler, Corporation Counsel* (*Edward J. McGratty, Jr.*, and *Henry J. Shields* of counsel), for respondent. The determination of respondent dismissing petitioner from the department was properly confirmed. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268; *People ex rel. Jackson* v. *Grant*, 12 Daly, 294; *People ex rel. Eagan* v. *York*, 53 App. Div. 336; *People ex rel. Ryan* v. *Sturgis*, 96 App. Div. 620; 183 N. Y. 540; *People ex rel. Reagan* v. *Partridge*, 184 N. Y. 566; *Matter of Greenfield* v. *Moses*, 169 Misc. Rep. 389; 257 App. Div. 809.)

*Per Curiam.* The petitioner entered the service of the city of New York as a draftsman in 1910. Twenty-five years later, in 1935, a charge of "incompetency, neglect of duty and misconduct" with three specifications was preferred against him. The specific charge with which we are concerned arose out of transactions which it is alleged occurred in 1926. The petitioner being an honorably discharged soldier of the World War, a hearing was had upon the charge pursuant to section 22 of the Civil Service Law (Cons. Laws, ch. 7). Under that section the burden of proving incompetency or misconduct rests upon the person alleging it.

Two of the specifications were dismissed by the Appellate Division and they are not before us. The third specification, the one in issue, which referred to transactions alleged to have occurred nine years before, in 1926, reads as follows:

"3. Between March 19, 1926, and July 9, 1926, you, the said Paul Meyer, did receive and accept and employ to your own personal use and benefit from D. M. W. Contracting Company and/or David M. Woolin,* divers sums

---

* David M. Woolin was doing business as D. M. W. Contracting Company.

of money amounting to approximately $550, when and at the time you, the said Paul Meyer, had been inspecting work done by the said D. M. W. Contracting Company and/or David M. Woolin in the performance of a certain contract with The City of New York for alterations to the Bellevue and Allied Hospitals in the City of New York."

The specification was drawn improperly. In 1926 the petitioner was not an inspector but an architectural draftsman of building plans. He had never inspected any work done by the D. M. W. Contracting Company or David M. Woolin for the city of New York. No evidence was offered to prove that he had or that he was an inspector or that the city had suffered the slightest injury or damage. That specification, therefore, was not and could not be proved and no motion to amend it was made by the Corporation Counsel.

The learned Appellate Division in affirming the dismissal of petitioner and speaking with reference to the third specification said: " The last named charge was, in effect, that petitioner had received and accepted money from a contractor · *doing business with the department. The evidence supports this charge,* and shows that the money was used by the petitioner in a stock brokerage account. While there is no direct evidence that at the time the money was received petitioner had control, or was passing upon any work done by this contractor, or that his official conduct was influenced by the payments received, still we think that the circumstances justify a finding by the department head that petitioner's conduct warranted dismissal." (260 App. Div. 3, 4). (Italics supplied.)

That formulates a charge other than the one made. Of that newly formulated charge, the petitioner may or may not be guilty. It was not the charge litigated. At the hearing the petitioner was called to the stand by the Corporation Counsel and frankly answered all of the nine questions which were put to him regarding the third specification and then relied on the complete failure of proof thereof.

The Legislature has been explicit in forbidding the removal of a veteran except for incompetency or misconduct shown after a hearing " upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the Civil Practice Act." (§ 22, subd. 1.) So careful has been the Legislature of the rights of such a veteran, that it has made special provision that the burden of proving incompetency or misconduct shall be upon the person alleging it. In view of that we may not say that one charge may be made and that the accused, after faithful performance of his duties for almost a quarter of a century, be found guilty of another. We may not say that although the only proof adduced is that the accused did not do that which is charged, that nevertheless he may be dismissed from service.

The order should be reversed and the determination annulled, with costs in this court and in the Appellate Division. (See 286 N. Y. 697.)

LOUGHRAN, RIPPEY, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., FINCH and DESMOND, JJ., dissent.

Order reversed, etc.