In the Matter of ROGER K. HUMPHREY, Petitioner, against STATE INSURANCE FUND et al., Respondents.

Fourth Department, July 8, 1948.

*Thomas J. McKenna* for petitioner.

*Bernard Katzen,* attorney for State Insurance Fund and *William H. Stieglitz* for State Insurance Fund, respondent.

*Nathaniel L. Goldstein, Attorney-General* for New York State Civil Service Commission and Comptroller of the State of New York, respondents.

*Per Curiam.* This is a proceeding, under the provisions of article 78 of the Civil Practice Act, to review the determination of the State Insurance Fund which found that the petitioner, an employee of the State Insurance Fund, was guilty on certain charges and specifications made against him. As a veteran, he was entitled to and had a hearing. He was punished by demotion.

The first three charges, in effect, allege that petitioner failed to follow " prescribed procedure," " accepted practice " and " office rules and regulations." The fourth charge was failure to advise superiors of the pendency and progress of a compensation claim of the petitioner who had been injured in the course of his employment.

As to the first three charges, the determination as to the guilt or innocence of the petitioner was dependent upon proof that he had been made aware of a certain memorandum issued by the home office of the State Insurance Fund. This memorandum indicated a change in procedure in the method of handling compensation claims of employees of the State Insurance Fund.

The record fails, in any satisfactory way, to sustain a finding that knowledge of the change of procedure, as indicated in the memorandum, was brought home to the petitioner. The evidence is uncertain and indefinite on this, the vital issue, and is insufficient to overcome the denial of the petitioner that he ever received a copy of the memorandum. No witness testified positively to its receipt by petitioner. One witness " assumed " it was sent to him. Another could not " recall definitely " whether he delivered a copy to him but said " my secretary probably did." The secretary was not called as a witness. The report of the hearing examiner merely states a " belief " that it was sent to petitioner and indicates there was doubt about it by stating that even if petitioner did not receive it or did not know of the instructions therein, his manner of handling the claim " would merit unfavorable criticism."

As to the fourth charge, there was no proof made that petitioner was ever advised, requested or ordered, orally or in

writing, to inform his superiors of the progress of his claim. The report of the hearing examiner, as to this charge, merely sets forth the opinion that the petitioner was under a moral obligation to do so.

The validity and justness of the petitioner's compensation claim was not in issue. There was no charge of fraud, bad faith or misrepresentation. There was no charge of incompetency. The essence of the charges is failure to obey and carry out instructions. To sustain the charges, proof of receipt of the instructions was a prerequisite. The petitioner may not be found guilty on general principles.

The burden of proving misconduct is upon the person alleging it and if the charges made are not proved, the petitioner may not be found guilty of something else. (*Matter of Meyer* v. *Goldwater,* 286 N. Y. 461.) We said in *Matter of Laurence* v. *Gaffney* (272 App. Div. 609, 610), '' The only question that comes before this court in this proceeding is whether there is in the record of his trial sufficient evidence, that would appeal to a person of reasonable mind, to sustain the charges.'' It is our opinion that the burden of proof was not met and that the evidence is insufficient to sustain the charges.

Determination should be annulled on the law and facts, with $50 costs and disbursements and petitioner should be restored to his former position.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Determination annulled on the law and facts, with $50 costs and disbursements and petitioner ordered restored to his former position.